<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JULES NGAMBO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK STATE DEPARTMENT OF<br>TAXATION AND FINANCE *et al.*<br><br>　　　　　　Defendants. | Civil Action No. 23-20887 (JKS) (JSA)<br><br>REPORT AND<br>RECOMMENDATION |

**<u>ALLEN, U.S.M.J.</u>**

　　Before the Court are the motions to dismiss of: (1) attorney Kelly A. Burgoon, Esq. (ECF No. 17); (2) Support Magistrate Esther S. Furman of the Family Court of the State of New York, Westchester County; Judge Michelle I. Schauer of the Family Court of the State of New York, Westchester County; Acting Justice Rachel E. Tanguay of the New York State Supreme Court and Judge of the Family Court of the State of New York, Rockland County; Justice Gerald E. Loehr (Ret.) of the New York State Supreme and County Court, Westchester County (sometimes collectively, "State Judges"); the New York State Department of Taxation and Finance ("NYSDTF"), and Amanda Hiller, Acting Commissioner of NYSDTF ("Commissioner Hiller")[1] (sometimes collectively, "New York State Defendants") (ECF No. 18); and (3) Chief Judge Debra Ann Livingston of the United States Court of Appeals for the Second Circuit and United States District Judge Laura Taylor Swain for the Southern District of New York (sometimes collectively,

---

[1] Counsel for Commissioner Hiller entered her appearance in the case after the motions to dismiss had been fully briefed. As a result, she submitted a statement in accordance with Local Civil Rule 7.1(d)(4) "adopt[ing] the facts and legal position as stated in [the New York State Defendants' memorandum in support of their motion] in lieu of a brief." (ECF No. 39).

"Federal Judges") (ECF No. 46).

Plaintiff Jules Ngambo, proceeding *pro se*, opposes the motions, (ECF Nos. 27, 28, & 48), and cross-moves to strike the New York State Defendants' "pleadings." (ECF No. 28 at 2).[2] The Honorable Jamel K. Semper, U.S.D.J., referred these motions to the Undersigned for a Report and Recommendation. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, and for good cause shown, it is respectfully recommended that the three motions to dismiss be **GRANTED**.

I. <u>RELEVANT BACKGROUND</u>

As best can be gleaned from the Complaint, this action stems from prior New York state court matrimonial and child support proceedings between *pro se* Plaintiff and his ex-wife wherein Plaintiff was ordered to pay child support. (Compl. at 6–7, ECF No. 1). Plaintiff then filed suit against his ex-wife in the United States District Court in the Southern District of New York, challenging the state court orders and judgment ("Southern District Action"). (*Id.* at 8).

In this case, Plaintiff alleges that the New York State Defendants and the Federal Judges engaged in a scheme with Burgoon, who represented Plaintiff's ex-wife in the state court proceedings, to extort money from him. (*Id.* at 7–9). Specifically, he alleges that all Defendants engaged in a racket by ordering him to "pay [child] support payments using threat of arrest,

---

[2] Plaintiff also filed an additional "brief" seeking to strike Burgoon's reply papers in further support of her motion, (ECF No. 37), and an "objection" to the Federal Judges' reply brief in further support of their motion. (ECF No. 50). Based on this Court's review of Plaintiff's additional submissions, they are essentially sur-replies, improperly raising new arguments. Sur-reply may not be filed without leave of Court, pursuant to Local Civil Rule 7.1(d)(6). *See Palumbo v. U.S. Bank*, 2022 U.S. Dist. LEXIS 150561 (D.N.J. Aug. 22, 2022). Plaintiff did not seek permission before filing what the Court construes as sur-replies. The Court exercises its discretion to deny considering Plaintiff's sur-replies because he not only failed to seek leave to file them but because the sur-replies improperly raise new arguments. *See Robbins v. Playhouse Lounge*, 2021 U.S. Dist. LEXIS 114883 (D.N.J. 21, 2021) (in denying motion to file sur-reply, court found plaintiff "failed to put forth any persuasive reason why she should be permitted to file a sur-reply simply because she wishes another opportunity to respond to Defendant's arguments."); *Smithkline Beecham PLC v. Teva Pharms. USA, Inc.*, 2007 WL 1827208, at *2 (D.N.J. June 22, 2007) ("[N]ew arguments cannot be raised by the non-movant in a sur-reply because the moving party does not have an opportunity to respond to newly minted arguments raised in a sur-reply.").

2

imprisonment, and loss of privileges," (*id.* at 2), in violation of the Consumer Credit Protection Act's restriction on garnishment, 15 U.S.C. § 1673, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See generally id.*).

The Complaint confirms that Plaintiff seeks relief only against the NYSDTF. He specifically seeks monetary damages and to enjoin the state agency from collecting child support. (*Id.* at 10). The pending motions to dismiss ensued.

## II.   DEFENDANTS' MOTIONS[3]

### A. Burgoon's Motion to Dismiss

Burgoon moves to dismiss the Complaint primarily based on lack of personal jurisdiction, pursuant to Rule 12(b)(2), and for failure to state a claim, pursuant to Rule 12(b)(6). In support of her lack of personal jurisdiction argument, Burgoon asserts that she is a Connecticut resident and a New York attorney who has never practiced in New Jersey, and thus lacks minimum contacts in New Jersey sufficient to give rise to general jurisdiction. (*Id.* at 12–14). Burgoon further claims that specific jurisdiction is lacking because she has not "purposefully directed her activities in New Jersey" and does not have significant contacts in New Jersey. (*Id.* at 15-16). Burgoon's Rule 12(b)(6) argument is two-fold. One, in the Complaint Plaintiff relies on vague and conclusory allegations, which are insufficient to state a RICO claim or RICO conspiracy. (Burgoon Mot. at 7–11, ECF No. 17-1). And two, Plaintiff has failed to establish that he has standing to bring a

---

[3] In support of Burgoon's and the New York State Defendants' respective motions, they attach, as exhibits, the verified divorce complaint, orders, and judgments from the underlying matrimonial and child support proceedings and the Southern District Action. (*See* Cert. of Counsel, ECF No. 17-3 and Exhs. A–E; Figueira Decl., ECF No. 20 at Exhs. A–H). In the context of a motion to dismiss, the court may only consider the pleadings and documents integral or explicitly relied upon in the complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Here, in his Complaint, Plaintiff specifically references the child support order and judgment and District Judge Swain's order. (*See* Compl. at 6–9). While this Court takes judicial notice of these court decisions, this Court does not consider the veracity of the factual findings or rulings of the State Judges or Federal Judges in deciding the pending motions to dismiss. *See also S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

RICO claim.  (*Id.*).

B. **The New York State Defendants' Motion to Dismiss**

The New York State Defendants move to dismiss the Complaint on multiple grounds, including for lack of personal jurisdiction, pursuant to Rule 12(b)(2), for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). (NYS Defs. Mot., ECF No. 18).  In support of their lack of personal jurisdictional argument, the New York State Defendants assert that they lack sufficient contacts in New Jersey in their personal capacities, and alternatively, they cannot be subject to jurisdiction in a non-New York court in their official capacities.  (*Id.* at 8–12).  As to lack of subject matter jurisdiction, the New York State Defendants contend that the Eleventh Amendment bars them from being sued based on sovereign immunity.  (*Id.* at 12–14).  In support of their 12(b)(6) argument, the New York State Defendants first claim the State Judges have absolute immunity from suit.  (*Id.* at 20–23).  They next contend that Plaintiff has failed to allege an association in fact enterprise under civil RICO statutes and lacks a private right of action under 15 U.S.C. § 1673 and other RICO provisions cited in the Complaint.  (*Id.* at 23–26).[4]

C. **Federal Judges' Motion to Dismiss**

The Federal Judges move to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), asserting they have immunity from suit because Plaintiff's claims run against these defendants in their official capacities.  (Gov't Mot. at 3, ECF No. 46-1).  They argue,

---

[4] Burgoon has requested, in the alternative, that this Court dismiss the Complaint based on the failure to comply with Rule 8 pleading standards, doctrine of forum non-conveniens, and collateral estoppel. (Burgoon Mot. at 7–11, 16-26, ECF No. 17-1).  The New York State Defendants also moved to dismiss, pursuant to Rule 12(b)(1), based on multiple abstention doctrines.  (NYS Defs. Mot. at 14–20).  As the Court finds it is appropriate to grant both Burgoon's and the New York State Defendants' respective motions on other independent grounds, as detailed herein, the Court need not reach the parties' other alternative arguments. *Gutierrez v. Johnson & Johnson*, 743 F. Supp. 2d 418, 423–24 (D.N.J. 2010) ("[T]he law does not require courts to provide an exhausting analysis of every minor argument that parties raise.").

in the alternative, that to the extent Plaintiff seeks to proceed against the Federal Judges in their individual capacities, the claims still fail because the Federal Judges are entitled to absolute judicial immunity. (*Id.* at 5 & n.3).

In opposition to Burgoon's and the New York State Defendants'[5] respective motions, Plaintiff contends that these defendants' respective jurisdictional and failure to state a claim arguments are "erroneous and irrelevant." (ECF No. 27 at 1–2; ECF No. 28).[6] As best can be gleaned from Plaintiff's opposition to the Federal Judges' motion to dismiss, Plaintiff contends that they raise nothing more than "sham" arguments in that this Court has subject matter jurisdiction over the Federal Judges. (ECF No. 48 at 2–3).[7]

### III.  ANALYSIS

#### A. The Court Lacks Personal Jurisdiction Over Burgoon and the New York State Defendants

Rule 12(b)(2) allows a defendant to move to dismiss a case for lack of personal jurisdiction. In opposing the motion, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). In the absence of an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal

---

[5] In his submission, Plaintiff raises substantive arguments in opposition to the New York State Defendants' motion to dismiss. (ECF No. 28). As such, the Court construes his submission as a brief in opposition to the motion to dismiss. However, he also seeks an order striking these defendants' pleading. (*Id.*). For the reasons detailed in this Report and Recommendation, the motions to dismiss should be granted, and thus this Court finds there is no basis to grant Plaintiff's request to strike.

[6] Plaintiff also appears to challenge defense counsel Elizabeth Figueira's "authority" to enter an appearance on behalf of the New York State Defendants and represent them in this case. (ECF No. 28). Plaintiff's challenge is not properly raised in opposition to the motion to dismiss. Nonetheless, even if this Court were to reach the merits of Plaintiff's argument, the Court finds it lacks merit. Based on this Court's review of the official docket, there is nothing to suggest that Ms. Figueira is not permitted to practice before this Court. *See* L. Civ. R. 101.1.

[7] Plaintiff also challenges the Federal Judges' attorney "authority to appear" on behalf of these defendants. (ECF No. 48 at 1-2). For the same reasons this Court has rejected Plaintiff's challenge to attorney Figueira's "authority" to defend the New York State Defendants, this Court rejects Plaintiff's challenge to essentially disqualify the Assistant United States Attorney from representing the Federal Judges. In any event, as defense counsel points out, "'any officer of the Department of Justice . . . [is authorized] to attend to the interests of the United States in a suit pending [in] a court of the United States.'" (ECF No. 49 at 1 n.1 (quoting 28 U.S.C. § 517)).

jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

A federal district court may assert personal jurisdiction over an out-of-state defendant "to the extent authorized by the law of that state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Because New Jersey's long-arm statute "allows 'the exercise of personal jurisdiction to the fullest limits of due process,' [the Undersigned] 'look[s] to federal law for the interpretation of the limits on [personal] jurisdiction.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (citation omitted). For a federal district court to assert personal jurisdiction over an out-of-state defendant, the Due Process Clause requires "(1) that the defendant have constitutionally sufficient 'minimum contacts' with the forum,' and (2) that 'subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (alterations and internal citations omitted).

Personal jurisdiction can be general or specific. *Malik*, 710 F. App'x at 563. In any suit, a court may assert general jurisdiction over a defendant domiciled in the forum state, *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022), or a defendant whose contacts with the forum are so "continuous and systematic" that it is "essentially at home in the forum [s]tate." *Malik*, 710 F. App'x at 563 (3d Cir. 2017) (internal quotation marks and citations omitted). In contrast, a court may assert specific jurisdiction over an individual only if the defendant's actions that are the subject of the suit "create a substantial connection with the forum [s]tate, giving rise to a relationship among the defendant, the forum, and the litigation." *Ripp*, 49 F.4th 236, 258 (internal quotation marks, alterations, and citation omitted). To make this determination, the Third Circuit applies a three-part inquiry:

> First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85

> L.Ed.2d 528 (1985) (internal quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. at 1872; *O'Connor,* 496 F.3d at 317. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184 (quoting *Int'l Shoe,* 326 U.S. at 320, 66 S.Ct. at 160).

*D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (emphasis omitted). The Court first considers whether it has personal jurisdiction over Burgoon.

In her supporting certification, Burgoon states that she is a resident of Connecticut and has been since 1994. (Certification of Kelly A. Burgoon, Esq. ("Burgoon Certification") ¶ 4; ECF No. 17-2). Burgoon further represents that she is an attorney admitted to practice in New York, limits her law practice to New York, and that she has never appeared in a case in New Jersey. (*Id.,* ¶¶ 7, 11). In addition, Burgoon does not own any property in New Jersey and has not conducted any business in New Jersey. (*Id.*, ¶¶ 8-10). In short, the Burgoon Certification is a sworn statement that represents Burgoon does not have any business or personal connections to New Jersey. In opposition to Burgoon's motion, Plaintiff provides nothing to suggest Burgoon has ties to New Jersey, and he includes no allegation that would cause Burgoon to reasonably suspect she could be sued in New Jersey. As a result, the Court finds that Plaintiff has failed to establish that there is general personal jurisdiction over Burgoon in New Jersey, as she neither resides here nor has consistent or systematic contact with New Jersey. *See Malik*, 710 F. App'x at 563.

Likewise, the Court finds Burgoon is not subject to specific personal jurisdiction in this forum. Again, all of Plaintiff's sparce allegations against Burgoon in the Complaint relate to events that took place in New York state courts. Thus, even assuming all reasonable inferences in Plaintiff's favor, Plaintiff has failed to establish that Burgoon has purposely availed herself of a New Jersey forum or that his claims are related to any contacts Burgoon could have with New

Jersey, which appear to be non-existent. As such, Plaintiff cannot establish that this Court's exercise of specific personal jurisdiction over Burgoon would satisfy the constitutional principles of due process. *See D'Jamoos*, 566 F.3d at 102. For those reasons, Burgoon's motion to dismiss for lack of personal jurisdiction should be granted.

The same is true for the New York State Defendants. The individual New York State Defendants, like Burgoon, have submitted declarations identifying that, at all relevant times, they resided in New York. (*See* Declaration of Esther R. Furman, ¶ 3 (ECF No. 21); Declaration of Gerald E. Loehr, ¶ 5 (ECF No. 22); Declaration of the Honorable Michelle I. Schauer, ¶ 3 (ECF No. 23); Declaration of the Honorable Rachel E. Tanguay, ¶ 3 (ECF No. 24)). Further, the allegations in the Complaint relate solely to Plaintiff's New York State Court matrimonial and child support proceedings. Plaintiff has not carried his burden of demonstrating that any of these defendants have "continuous and systematic" contacts with New Jersey. As such, there is no articulated basis to establish general personal jurisdiction over the New York State Defendants.

Additionally, this Court finds that it does not have specific jurisdiction over the New York State Defendants. All of the alleged acts referenced in the Complaint occurred in New York – *i.e.,* the court proceedings and decisions and execution of the child support judgment. And there is no indication that the New York State Defendants directed any activities relevant to this case towards New Jersey. As a result, the Court finds the New York State Defendants have insufficient contacts with the State of New Jersey, and thus there is no basis to exercise specific personal jurisdiction over these Defendants. *See, e.g.*, *Stampone v. Fopma*, 2013 WL 5937428, at *2 (D.N.J. Nov. 4, 2013) (declining to exercise personal jurisdiction over Michigan state court judge and Michigan attorney general where Plaintiff alleged insufficient contacts with New Jersey), *aff'd*, 567 F. App'x 69 (3d Cir. 2014); *Steelman v. Carper*, 124 F. Supp. 2d 219, 223 (D. Del. 2000) (finding Delaware

8

long-arm statute and lack of requisite minimum contacts precluded assertion of personal jurisdiction over New Mexico officials). Therefore, as Plaintiff has failed to meet his burden, the New York State Defendants' motion to dismiss for lack of personal jurisdiction should be granted.

### B. The New York State Defendants and the Federal Judges Are Entitled to Immunity

The New York State Defendants and the Federal Judges have asserted sovereign immunity as grounds for their 12(b)(1) motions. Pursuant to Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). However, "[i]t is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction." *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015).

In considering a motion pursuant to Rule 12(b)(1), the Court must determine whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id.* In contrast, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* A motion asserting the defense of sovereign immunity based on the facts as pled in the amended complaint is generally considered to be a facial attack. *See, e.g.*, *Jentis v. New Jersey*, 2023 WL 2570217, at *2 (D.N.J. Mar. 20, 2023); *Perez v. New Jersey*, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015). Accordingly, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party of Pa.*, 757 F.3d at 358.

1. Eleventh Amendment Sovereign Immunity

State sovereign immunity under the Eleventh Amendment is generally "a jurisdictional bar

9

which deprives federal courts of subject matter jurisdiction." *Wright*, 115 F. Supp. 3d at 494; *Unix Sys. Lab'ys, Inc. v. Berkeley Software Design, Inc.*, 832 F. Supp. 790, 797 n.2 (D.N.J. 1993) ("[T]he proper vehicle for challenging jurisdiction under the Eleventh Amendment is a motion to dismiss for lack of subject matter jurisdiction."). There are three exceptions to Eleventh Amendment immunity: (1) Congressional abrogation authorizing suit; (2) waiver by the state consenting to suit; (3) a suit against a state officer seeking prospective injunctive or declaratory relief to end ongoing violations of federal law. *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503–506 (3d Cir. 2001).

A state's agencies, departments, and officials are entitled to immunity for acts in their official capacities so long as the state is "the real party [in] interest." *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 250 (3d Cir. 2005). In determining whether a state entity is a suit against the state, a court "considers the following factors: (1) whether the money that would pay the judgment would come from the state, (2) the status of the agency under state law, and (3) the agency's degree of autonomy." *Jentis*, 2023 WL 2570217, at *3 (citing to *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)). A state officer acting in his or her official capacity on behalf of the state is immune from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142–47 (1993). In determining whether a state official is being sued in her individual or official capacity, "[c]ourts in the Third Circuit look to the complaint and the 'course of proceedings.'" *Jentis*, 2023 WL 2570217 at *4 (citing *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990)).

Here, the Court finds that the New York State Defendants are entitled to dismissal of the Complaint on sovereign immunity grounds. Plaintiff has not demonstrated that any of the three exceptions apply. Plaintiff does not contend that Congress has abrogated the Eleventh Amendment

by authorizing suit. Further, NYSDTF is indisputably a state agency, and thus this instant suit is one against the State of New York. Yet, the State of New York has not consented to suit in federal court. *See Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 38–40 (2d Cir. 1977). Thus, NYSDTF is entitled to dismissal of the Complaint based on sovereign immunity.

Next, Commissioner Hiller is entitled to sovereign immunity if she is a state officer acting in her official capacity on behalf of the state. *Metcalf*, 506 U.S. at 142–47. The Complaint does not appear to contain *any* specific allegations against Commissioner Hiller, let alone seek prospective injunctive or declaratory relief against her. (*See* ECF No. 1). To the extent Commissioner Hiller is referenced in the Complaint, it is in the limited context of her executing the state court judgment for child support, as Commissioner of the NYSDTF. (*Id.* at 9). Thus, to the extent there is any actual claim asserted against Commissioner Hiller, it would be in her official capacity. As a result, Commissioner Hiller is entitled to sovereign immunity. *See Spencer v. Eristoff,* 2006 U.S. Dist. LEXIS 56221, at *12 (M.D. Pa. Aug. 11, 2006) (dismissing claim against a former Commissioner of NYSDTF on Eleventh Amendment grounds). Finally, the State Judges are entitled to sovereign immunity. Each of them was indisputably acting in their official capacities as judicial officers presiding over the state court proceedings giving rise to the instant civil action. Therefore they are immune from suit pursuant to the Eleventh Amendment. (*See* Figueira Decl., ECF No. 20 at Exhs. A–G); *see also Gochin v. Haaz*, 724 F. App'x 155, 158 (3d Cir. 2018).

As it relates to the Federal Judges, the Complaint appears to allege they were involved in a convoluted RICO conspiracy designed to cause Plaintiff to pay child support. (*See* Compl. at 8, ECF No. 1). However, claims against federal judges in their official capacities are claims against the United States. (*See* Figueira Decl., ECF No. 20 at Exh. H); *see Lewal v. Ali*, 289 F. App'x 515,

11

516 (3d Cir. 2008). And the United States has not waived sovereign immunity relating to RICO claims. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("[I]t is clear that there can be no RICO claim against the federal government."); *Futterknecht v. Thurber*, 2015 WL 4603010, at *7 (D.N.J. July 30, 2015) ("And Congress did not expressly abrogate sovereign immunity when it passed . . . the federal RICO statutes."); *Smith v. Knights of Columbus*, 2015 WL 4043756, at *4 (D. Del. July 1, 2015) ("Congress has not waived sovereign immunity for RICO claims."). Thus, this Court finds that Plaintiff's claims against the Federal Judges are barred by sovereign immunity.

    2. Judicial Immunity

The State Judges and the Federal Judges also are entitled to absolute judicial immunity. Judges are entitled to absolute judicial immunity for conduct pursuant to their roles as judicial officers. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Azubuko v. Royal*, 443 F.3d 302 (3d Cir. 2006). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (citation omitted). Here, Plaintiff alleges, in a conclusory fashion, that the state and federal judges named as defendants engaged in a RICO conspiracy stemming from their judicial decisions. (*See* ECF No. 1 at 6–9). However, the thrust of Plaintiff's allegations is his challenge to these judges' decisions. There is nothing in the Complaint to indicate that these judges acted in the "'clear absence of all jurisdiction.'" *Id.* As such, even if the claims against the state and federal judges were not barred by the doctrine of sovereign immunity, this Court finds that the alleged conduct was committed within the scope of their jurisdiction as judges. Accordingly, they are all entitled to absolute judicial immunity. *See Stump*, 435 U.S. at 359*; see also Shaikh v. Germadnig*, 2023

WL 4534127, at *25 (D.N.J. July 13, 2023) (granting motion to dismiss, *inter alia*, RICO claims against state judges based on judicial immunity).

### C. Plaintiff Fails to State a Claim Under 15 U.S.C. § 1673

Even though the Undersigned finds the Complaint should be dismissed against all Defendants on jurisdictional grounds, the Court considers the alternative argument that the Complaint should be dismissed for failure to state a claim. For the reasons that follow, the Court finds that Plaintiff's allegations do not state a claim for any relief. Accordingly, this serves as an independent basis to grant Burgoon's and the New York State Defendants' respective motions to dismiss.

Plaintiff alleges that Defendants have "calculat[ed] support payments" in violation of the restriction on the garnishment provision of the Consumer Credit Protection Act, 15 U.S.C. § 1673. (Compl. at 2–3, ECF No. 1). The provision sets forth the maximum allowable garnishment of an individual's earnings that a court, state, or state agency "may make, execute, or enforce." 15 U.S.C. § 1673(d). The Act also provides that "[t]he Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, shall enforce [this] provision[]." 15 U.S.C. § 1676. Even assuming Plaintiff is correct that the state court child support orders violate this provision, the Act does not provide a private cause of action thereunder. (NYS State Defs. Mem. at 23–24, ECF No. 25); *Sheils v. Bucks Cnty. Domestic Rels. Section*, 921 F. Supp. 2d 396, 414 (E.D. Pa. 2013); *SpaceAge Consulting Corp. v. Porrino*, 2018 WL 1169133, at *4 (D.N.J. Mar. 6, 2018); *Malhan v. Grewal*, 2021 WL 4473104, at *9 (D.N.J. Sept. 30, 2021), *aff'd sub nom. on other grounds, Malhan v. New Jersey*, 2023 WL 1793873 (3d Cir. Feb. 7, 2023); *Flax v. Delaware Div. of Fam. Servs.*, 2008 WL 1758857, at *11 (D. Del. Apr. 16, 2008) (internal citations omitted) ("Although not addressed by the Third Circuit, several courts have held that the Consumer Credit Protection Act does not provide for a private cause of action under Subchapter II of the Act. . . .

13

Inasmuch as there is no implied private right of action under the garnishment provisions of the Consumer Credit Protection Act, the court will grant the State's motion for summary judgment for failure to state a claim upon which relief may be granted."), *aff'd sub nom. Flax v. Delaware*, 329 F. App'x 360 (3d Cir. 2009). Thus, the Court finds that Plaintiff has failed to state a claim under this provision of the Act.

### D. Plaintiff Fails to State a Claim Under the RICO Act

Section 1964 of the RICO Act provides that "[a]ny person injured in his business or property by reason of a violation of [S]ection 1962 of this chapter may sue . . . in any appropriate [federal] district court." 18 U.S.C. § 1964. To state a claim under Section 1962, "a plaintiff must allege: '(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity.'" *D'Ambly v. Exoo*, 2021 WL 5083816, at *3 (D.N.J. Nov. 1, 2021) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 166, 173 (D.N.J. 1998)). To satisfy the "enterprise" element, the plaintiff must show "a 'structure,' that is, a common 'purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 368 (3d Cir. 2010) (citation omitted). In addition, the plaintiff must establish a pattern of racketeering activity by "showing that the defendants engaged in at least two predicate acts within ten years of each other." *Amos v. Franklin Fin. Servs. Corp.*, 509 F. App'x 165, 168 (3d Cir. 2013). Racketeering activity is "any act or threat involving specified state-law crimes, any act indictable under specified federal statutes, and certain federal offenses." *Id.* (internal quotation marks and citation omitted). Any of these offenses are "predicate acts of racketeering." *Id.* (citing *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004)).

Although a Complaint need not contain detailed factual allegations, a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions and

14

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is plausible on its face. Plaintiff's Complaint falls short of the *Iqbal/Twombly* standard.

Even adopting a liberal construction of the Complaint given Plaintiff's *pro se* status, the Complaint is simply a narrative, formulaic statement of alleged wrongs that does not set forth with any precision a cognizable claim. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted) ("While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se."). Specifically, the Complaint fails to clearly allege any of the required elements of cognizable RICO claim, including an enterprise, a pattern of racketeering activity, and the necessary predicate acts. *See Courboin v. Scott*, 2016 WL 852782, at *6 (D.N.J. Mar. 3, 2016) (dismissing *pro se* complaint for failing to properly plead RICO claim). At most, Plaintiff alleges that the various defendants and the Court system conspired against him. However, that is insufficient to state a RICO claim. *See id.* at *6 ("Hyperbolic accusations of 'thievery' . . . are no substitute. As for an enterprise, generalized, unsupported allegations about corruption of the legal profession or the courts will not do. Nor does plaintiff, simply by stating that they are all corrupt, allege facts tending to show the existence of an enterprise that engaged in a pattern of racketeering activity."). For those reasons, the Complaint fails to state a RICO claim under 18 U.S.C. §§ 1961 and 1962.[8] As Plaintiff has failed to establish all of the

---

[8] The Complaint references 18 U.S.C. § 1341, which criminalizes mail and wire fraud. (ECF No. 1 at 1). However, there is no private cause of action available under this statute. *See Mickman v. Philadelphia Pro. Collections, LLC*, 2023 WL 6392756, at *2 (3d Cir. 2023); *see also Jones v. TD Bank,* 468 F. App'x. 93, 94 (3d Cir. 2012) ("To the extent that [Plaintiff] attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so."). Thus, to the extent alleged, any claim brought pursuant to 18 U.S.C. § 1341 should be dismissed for failure to state a claim.

elements for stating a RICO claim, the Court finds Plaintiff's claim for RICO conspiracy suffers from the same shortcomings.

## IV. <u>CONCLUSION</u>

For the reasons stated above, this Court respectfully recommends that Defendants' motions to dismiss, (ECF Nos. 17, 18, & 46), be **GRANTED**, and that Plaintiff's cross-motion to strike the pleadings, (ECF No. 28), be **DENIED**.  The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file and serve specific written objections to the Honorable Jamel K. Semper, U.S.D.J., within fourteen (14) days after receiving a copy of this Report and Recommendation.  The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff by regular U.S. mail.

<u>s/ Jessica S. Allen</u><br>
**HON. JESSICA S. ALLEN**<br>
**United States Magistrate Judge**

Dated:  July 8, 2024

cc:     Hon. Jamel K. Semper, U.S.D.J.